**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIAM GIBSON WILSON and AARON CROMER, <br><br> Plaintiffs, <br><br> vs. <br><br> BRISTOL WEST INSURANCE GROUP, *et al.*, <br><br> Defendants. | Case No. 2:09-cv-00006-KJD-GWF <br><br> **ORDER AND** <br> **FINDINGS & RECOMMENDATION** <br><br> **Motion to Disqualify Counsel, Set Aside Assignment of Rights or Stay or Dismiss Proceedings (Dkt. #20)** |

This matter is before the Court on Defendant Coast National Insurance Company's Motion to Disqualify Plaintiffs' Counsel and Set Aside/Void Assignment of Rights or, in the alternative, Motion to Stay or Dismiss Proceedings Pending Disposition of Appeal in Underlying Action (Dkt. #20), filed on February 27, 2009. Plaintiffs responded to the motion on March 13, 2009 (Dkt. #21) and Defendants replied (Dkt. #22) on March 16, 2009. The Court heard oral argument from the parties on April 13, 2009 regarding this matter.

**DISCUSSION**

Plaintiffs William Gibson Wilson and Aaron Cromer have brought the instant lawsuit against Defendant Coast National Insurance Company for breach of contract and insurance bad faith based on its alleged failure to settle an underlying bodily injury claim that Mr. Cromer made against Defendant's insured, William Gibson Wilson. The underlying claim and lawsuit arose out of a single vehicle accident. Mr. Wilson was operating the vehicle and Mr. Cromer was the passenger. (Dkt. #1 at 8-9). On February 14, 2008, Mr. Cromer, who was represented by attorney Thomas F. Christensen, obtained a $7 million plus judgment against Mr. Wilson in the Clark County, Nevada District Court, Case No. A467179. (Dkt. #26-2 at 1). Mr. Wilson thereafter assigned his rights and claims against Defendant Coast National Insurance Company to Mr. Cromer in exchange for a covenant not to execute

1  against Mr. Wilson. (*Id.*)  Mr. Cromer, however, also appealed the underlying judgment to the Nevada
2  Supreme Court on the grounds that the jury should not have been permitted to assess comparative
3  negligence against Mr. Cromer which resulted in a reduction of his damages award.  Mr. Cromer's
4  appeal requests additur, based on the elimination of the comparative negligence offset, or a new trial.
5  The appeal of the underlying judgment is currently pending before the Nevada Supreme Court.  In
6  January 2009, Plaintiffs Wilson and Cromer, who are jointly represented by attorney Thomas F.
7  Christensen and his law firm, filed the instant suit against the Defendants in the Nevada District Court.
8  Defendants thereafter removed the action to this court.

9  **1.    Motion to Set Aside and/or Void the Assignment**

10  Defendants argue that the assignment agreement between the plaintiffs should be set aside due
11  to lack of consideration.  The Second Restatement of Contracts states:

> To the extent that the apportionment of productive energy and product in the economy are left to private action, the parties to transactions are free to fix their own valuations.... [I]n many situations there is no reliable external standard of value, or the general standard is inappropriate to the precise circumstances of the parties.... Ordinarily, therefore, courts do not inquire into the adequacy of consideration .... Gross inadequacy of consideration may be relevant to issues of capacity, fraud and the like, but the requirement of consideration is not a safeguard against imprudent and improvident contracts except in cases where it appears that there is no bargain in fact.

18  Restatement (Second) of Contracts § 79 cmt. c (1979) (emphasis added). *See also Oh v. Wilson*, 112
19  Nev. 38, 41-42, 910 P.2d 276, 278-79 (Nev. 1996) (noting that "inadequacy of consideration standing
20  alone does not justify rescission of a contract or release").

21  Courts will inquire into the adequacy of consideration "when it is relevant to ascertaining
22  whether fraud, lack of capacity, mistake, duress or undue influence exist." *Oh*, 910 P.2d at 278-79.  In
23  this instance, Defendants contend that the assignment agreement was entered into as a result of undue
24  influence because Plaintiff Wilson was not represented by independent counsel at the time he entered
25  into the agreement. (Dkt. #20 at 3).  Contrary to Defendants' assertions, however, Plaintiff Wilson was
26  represented by counsel at the time he executed the agreement. (Dkt. #26-2 at 4).  Plaintiff Wilson's
27  attorney, William Shapiro, appears to have reviewed the assignment agreement prior to Wilson's
28  signing of the contract. (*Id.*)  It also appears that the assignment agreement provided sufficient

consideration to Plaintiff Wilson in exchange for the assignment of his rights.

It therefore appears that Defendant's motion to set aside or void the assignment of rights should be denied. Because this portion of Defendant's motion involves potentially dispositive action on Plaintiffs' Complaint, the Court will **recommend** that this portion of the Motion be denied.

### 2. Motion to Stay or Dismiss Proceedings Pending Appeal in Underlying Action

Defendants argue that this case should be stayed or dismissed pending final resolution of Mr. Cromer's appeal and any retrial in the underlying action. Generally, a cause of action based on the result in an underlying action "does not accrue until the plaintiff's damages are certain and not contingent upon the outcome of an appeal." *Semenza v. Nevada Medical Liability Ins. Co.,* 104 Nev. 666, 668, 765 P.2d 184, 186 (Nev. 1988) (finding a legal malpractice action was premature where the underlying action in which the alleged malpractice occurred was on appeal and no final judgment had been entered.) *See also Amfac Distribution Corp. v. Miller*, 138 Ariz. 155, 673 P.2d 795, 796 (Ariz. App.1983); *see also Woodruff v. Tomlin*, 511 F.2d 1019, 1021 (6th Cir.1975) (finding "[a]pparent damage may vanish with successful prosecution of an appeal" in an attorney malpractice suit).

In regard to the underlying bodily injury action, there is allegedly no dispute that Mr. Wilson was at fault in causing the accident and that Mr. Cromer sustained substantial injuries and damages as evidenced by the $7 million judgment. As discussed above, however, the issue on appeal in that case is whether Mr. Cromer could legally be found comparatively negligent or whether the jury's assessment of his percentage of negligence was erroneous. Although Mr. Cromer requests that the Nevada Supreme Court eliminate the comparative negligence assessment and award him the full amount of the damages found by the jury, it is possible that the case will be remanded for a new trial if the Nevada Supreme Court reverses the judgment. While it appears likely that Mr. Cromer will still recover a substantial judgment against Mr. Wilson on any retrial of the underlying case, at this point Mr. Cromer's underlying claim against Mr. Wilson is contingent pending the outcome of his appeal and any possible retrial. This action is, therefore, premature, until there is a final judgment in the underlying bodily injury action. As such, it would appear to be appropriate to either dismiss this action without prejudice or stay it pending a final adjudication in the underlying case.

A motion to remand this case to the Nevada District Court is pending. (*See* Dkt. #27). The

1  Court will, therefore, grant an interim stay of this action pending the District Judge's decision on
2  motion to remand.  If the District Judge denies the motion to remand, then the Court will either stay or
3  recommend that this action be dismissed, without prejudice, pending final adjudication in the
4  underlying action.

5    **3.    Motion to Disqualify Plaintiffs' Counsel**

6  Defendants also argue that Plaintiffs' counsel Thomas F. Christensen and his law firm should be
7  disqualified from jointly representing Mr. Cromer and Mr. Wilson in this action because Mr.
8  Christensen and his firm also represent Mr. Cromer in the underlying and still pending bodily injury
9  action against Mr. Wilson.  LR IA 10-7(a) of the Local Rules of Practice for this District provides that
10 an attorney admitted to practice in this District shall adhere to the standards of conduct prescribed in the
11 Model Rules of Professional Conduct as adopted and amended from time to time by the Supreme Court
12 of Nevada, except as such may be modified by this court. Thus, the Nevada Rules of Professional
13 Conduct generally govern the issue of attorney disqualification.  *See In re County of Los Angeles,* 223
14 F. 3d 990, 995 (9th Cir. 2000); *United States v. Walker River Irrigation Dist.*, Not Reported in
15 F.Supp.2d, 2006 WL 618823 (D. Nev. 2006); *In-N-Out Burger v. In & Out Tire & Auto, Inc.*, 2008 WL
16 2937294 *2 (D.Nev. 2008).

17 In *United States v. Walker River Irrigation Dist.,* the court recited the standards applied by
18 federal courts in considering attorney disqualification motions. The court states:

19  Disqualification is a "drastic measure which courts should hesitate to
    impose except when absolutely necessary[,]" *Freeman v. Chicago
20  Musical Instrument Co.,* 689 F.2d 715, 721-22 (7th Cir.1982), because it
    takes away one party's ability to chose his own representation, and it is
21  often a tactic used to create delay or harassment, *Miller v. Alagna,* 138
    F.Supp.2d 1252, 1258-59 (C.D.Cal.2000). Motions to disqualify are
22  therefore subject to strict judicial scrutiny, *Optyl Eyewear Fashion Intern.
    Corp. v. Style Companies, Ltd.,* 760 F.2d 1045, 1050 (9th Cir.1985), and
23  courts have wide discretion in their rulings to further the interests of
    fairness to all parties, *Int'l Bus. Mach. Corp. v. Levin,* 579 F.2d 271, 279
24  (3d Cir.1978).

25 Close cases, however, are resolved in favor of disqualification.  *In-N-Out Burger v. In & Out*
26 *Tire & Auto, Inc.*, 2008 WL 2937294 at *2 (D.Nev. 2008), citing *Palmer v. Pioneer Ins. Assocs.*, 19
27 F.Supp.2d 1157, 1162 (D.Nev. 1998).  *See also Nevada Yellow Cab Corp. v. Eighth Judicial Dist.*
28 *Court*, 123 Nev. 44, 152 P.3d 737, 743 (2007).

1  It is probably not uncommon for an attorney, who represents a plaintiff in an underlying claim
2  against a defendant, to thereafter represent both parties *after final judgment and assignment of rights* in
3  an action against the underlying defendant's liability insurer for breach of contract or insurance bad
4  faith.  Nevada Rule of Professional Conduct ("NRPC") 1.7(a)  however, prohibits an attorney from
5  representing a client if the representation involves a concurrent conflict of interest.  *See Ryan v. Dist.*
6  *Ct.*, 168 P.3d 703, 710 (Nev. 2007) (interpreting the scope of NRPC 1.7).   Although a client may waive
7  a concurrent conflict of interest in some circumstances, the rule indicates that a concurrent conflict
8  cannot be waived if the representation involves the assertion of a claim by one client against another
9  client represented by the attorney in the same litigation or other proceeding before a tribunal.  Rule
10 1.7(b)(3).

11  So long as Mr. Cromer's underlying action against Mr. Wilson remains pending and unresolved,
12 Mr. Wilson may also owe a duty of cooperation to the  insurer in defending that action, including
13 cooperating with the defense counsel employed by the insurer in regard to Mr. Wilson's comparative
14 negligence defense.  It, therefore, appears that Mr. Christensen and his law firm have a non-waivable
15 concurrent conflict of interest in representing both Mr. Cromer and Mr. Wilson in this action while, at
16 the same time, representing Mr. Cromer in the pending underlying action against Mr. Wilson.  This
17 conflict of interest is, however, probably avoidable if this action is dismissed or is stayed pending a
18 final adjudication in the underlying case.  Once that occurs, there would appear to be no prohibition
19 against Mr. Christensen representing Mr. Wilson in an action against his insurer so long as Mr. Wilson
20 waives any conflict of interest arising out of the prior representation.  Therefore, rather than disqualify
21 Mr. Christensen and his law firm from representing the Plaintiffs, the Court concludes that a stay or
22 dismissal without prejudice of this action pending a final adjudication in the underlying action is
23 proper.  Accordingly,

24  **IT IS HEREBY ORDERED** that Defendant Coast National Insurance Company's Motion to
25 Disqualify Plaintiffs' Counsel and Set Aside/Void Assignment of Rights or, in the alternative, Motion
26 to Stay or Dismiss Proceedings Pending Disposition of Appeal in Underlying Action (Dkt. #20) is
27 **GRANTED**, in part as follows:  This action is stayed pending the District Judge's decision regarding
28 Plaintiff's Motion to Remand (#5).   In the event Plaintiff's motion to remand is denied, then the Court

will either order that this action be stayed pending a final judgment in the underlying action, or, in the alternative, will recommend that this action be dismissed, without prejudice, pending a final judgment in the underlying action.

**IT IS FURTHER ORDERED** that Defendant's Motion to Disqualify Plaintiffs' Counsel is **DENIED.**

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Set Aside/Void Assignment of Rights be **DENIED.**

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 2nd day of June, 2009.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge