# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

WILLIAM GIBSON WILSON, *et al.*,

    Plaintiffs,

v.

BRISTOL WEST INSURANCE GROUP, *et al.*,

    Defendants.

Case No. 2:09-CV-00006-KJD-GWF

**ORDER**

Presently before the Court is Plaintiffs' Motion for Remand (#5).  Plaintiffs filed a Supplement to their Motion for Remand (#6).  Defendant Coast National Insurance Company ("CNIC") filed a response in opposition (#11) to which Plaintiffs replied (15).  Also before the Court is Defendants' Motion for Partial Summary Judgment (#10).  Plaintiffs filed a response in opposition (#13) to which Defendants replied (#16).  Finally, before the Court is the Report and Recommendation (#29) of Magistrate Judge George W. Foley entered June 2, 2009.  Though the time for doing so has passed, no objections to the Report and Recommendation have been filed.

I.  Procedural Background

Plaintiffs William Gibson and Aaron Cromer have brought the instant lawsuit against CNIC for statutory violations, breach of contract and insurance bad faith based on its alleged failure to

1    settle an underlying bodily injury claim brought by Cromer against Defendant's insured, William

2    Gibson Williams.  The underlying claim and lawsuit arose out of a single vehicle accident.  Mr.

3    Wilson was operating the vehicle and Mr. Cromer was the passenger.  On February 14, 2008, Mr.

4    Cromer, represented by attorney Thomas F. Christensen, obtained a judgment in excess of $7 million

5    against Wilson in Nevada state court.  Wilson thereafter entered into an agreement ("the

6    Agreement") to pursue his claims against "Bristol West Insurance" while permitting Christensen

7    Law Offices to represent him and to pay the proceeds of the claims to Cromer in exchange for

8    Cromer's agreement not to execute on the judgment against Wilson obtained in state court.

9         However, Cromer appealed the underlying judgment to the Nevada Supreme Court on the

10    grounds that the jury should not have been permitted to assess comparative negligence against

11    Cromer.  That appeal is currently pending before the Nevada Supreme Court.  In January 2009,

12    Plaintiffs filed the present action in Nevada state court.  Defendants then removed the action.

13    Plaintiffs have moved to remand the action alleging a lack of diversity jurisdiction.  Furthermore,

14    Defendants have filed a motion for partial summary judgment alleging that Cromer lacks standing

15    and without his presence diversity exists.

16         On June 2, 2009, the magistrate judge recommended (without holding that the Agreement

17    between Cromer and Wilson was an assignment of rights) that the Agreement should not be set aside

18    or voided.  Additionally, Judge Foley found that Christensen and his law office have a non-waivable

19    conflict of interest representing both Cromer and Wilson during the pendency of the appeal of the

20    underlying action.  Rather than disqualify Christensen and his law firm, the magistrate judge stayed

21    the action pending the Court's resolution of the pending motions.  No parties filed objections to the

22    magistrate judge's report and recommendations.

23    <u>II.  Standard for Summary Judgment</u>

24         Summary judgment may be granted if the pleadings, depositions, answers to interrogatories,

25    and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any

26    material fact and that the moving party is entitled to a judgment as a matter of law.  <u>See</u> Fed. R. Civ.

P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the

initial burden of showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at

323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a

genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

587 (1986); Fed. R. Civ. P. 56(e).  Summary judgment shall be entered "against a party who fails to

make a showing sufficient to establish the existence of an element essential to that party's case, and

on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  Summary

judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party.

See Anderson, 477 U.S. at 248.

III.  Analysis

     A.  Motion for Summary Judgment

     Cromer, at best, is a third-party claimant under the insurance contract between CNIC and

Wilson.  No private right of action as a third-party claimant is created under NRS 686A.310.  See

Gunny v. Allstate Ins. Co., 108 Nev. 344, 466, 830 P.2d 1335, 1336 (1992).  See also, Crystal Bay

General Imp. Dist. v. Aetna Cas. & Sur., 713 F.Supp. 1371, 1377 (D. Nev. 1989).  Further, a third-

party claimant has no contractual relationship with an insurance company.  See Tweet v. Webster,

610 F.Supp. 104 (D. Nev. 1985).  Thus, where a party has no contractual relationship with an

insurance company, he lacks standing to sue.  See Gunny, 108 Nev. at 345.

     Nevada law requires a contractual relationship to assert a bad faith claim against an insurer.

See Bergerud v. Progressive Cas. Ins., 453 F.Supp.2d 1241, 1246 (D. Nev. 2006).  Under Nevada

law, third-party claimants do not have a contractual relationship with insurers, and thus have no

standing to claim bad faith.  See id. at 1247 (citing Gunny, 108 Nev. 344).

     Here, Plaintiff Cromer is a third-party claimant, and therefore has no contractual relationship

to the insurer, CNIC.  Specifically, Cromer originally sued Wilson for injuries sustained in a single

vehicle accident and obtained a jury verdict for over $7,000,000.00.  Wilson admittedly carried an

insurance policy through CNIC with policy limits of $15,000.  Cromer, however, was not a party to

1    the contract.  As such, Cromer lacks standing to sue CNIC for the alleged breaches of contract or for

2    bad faith.

3            While Plaintiffs point to <u>Hall v. Enterprise</u>,[1] arguing that a third-party has standing to sue

4    only after judgment has been entered against the insured, that argument is misplaced and is

5    distinguishable from the present action.  Specifically, in <u>Hall</u>, the insurance policy at issue was a

6    liability policy for a short-term lessee, which is required by statute for all rental car companies. 137

7    P.3d at 1109.  In that case, the tortfeasor carried a personal liability insurance policy, from which the

8    plaintiff accepted an Offer of Judgment for policy limits.  <u>See id.</u>

9            The plaintiff then sued Enterprise, arguing that Enterprise was statutorily bound to

10   compensate him for damages that exceeded the tortfeasor's personal insurance policy.  <u>See id.</u>

11   Enterprise, as the rental car company, was required by statute to provide a minimum liability policy

12   for all short-term lessees, which it did.  <u>See id.</u>  The court went on to state that a short-term lessor

13   fulfills that duty by providing the insurance coverage and only becomes liable when the coverage is

14   not provided.  <u>See id.</u>  Accordingly, the holding in <u>Hall</u> is limited to situations arising under the state

15   statute involving short-term lessees and does not apply to the facts of this case.  Therefore, Cromer

16   does not have standing to raise the claims alleged in this action.

17           Cromer also asserts that he has an assignment of Wilson's rights arising from the Agreement.

18   An assignment is a "transfer of rights or property".  <u>Black's Law Dictionary</u> 115 (7th ed. 1999).  For

19   an assignment to be effective, it must terminate the assignor's interest in the property and transfer it

20   to the assignee.  <u>See id.</u>  Here, the Agreement does not contain an assignment of any rights.  Instead,

21   Wilson agrees to pursue his rights and share the proceeds of any action with Cromer.  Cromer agrees

22   not to execute on his judgment against Wilson.  Wilson's rights to pursue his claims are neither

23   terminated, nor transferred to Cromer.  Accordingly, Cromer does not have an effective assignment

24   of rights.  Nevada does not recognize a right of action by a third-party claimant against an insurance

25

26           [1] 137 P.3d 1104 (Nev. 2006).

4

1   company for bad faith without a proper assignment of rights.  Hall v. Enterprise, 137 P.3d 1104

2   (Nev. 2006)(specifically limiting holding of case allowing liability to short term rental insurance

3   contemplated by NRS §§ 482.295, 482.305); Pasina v. Cal. Cas. Indem. Exch., 2008 WL 508381 (D.

4   Nev. 2008); Hunt v. State Farm Ins., 655 F. Supp. 284 (D. Nev. 1987)(citing Tweet v. Webster, 610

5   F. Supp. 104 (D. Nev. 1985)).  Therefore, Cromer lacks standing as a real-party-in-interest and must

6   be dismissed from this action.

7           B. Motion to Remand

8           Since Cromer, a California citizen and resident, lacks standing, complete diversity exists

9   between Plaintiff Wilson and Defendant CNIC.  Removal  jurisdiction based on diversity is

10  determined at the time the complaint is filed *and the removal is effected.*  See Strotek Corp. v. Air

11  Transp. Ass'n of Am., 300 F.3d 1129, 1131-32 (9th Cir. 2002)(italics added).  Diversity must exist

12  when the action is removed.  See Newcombe v. Adolf Coors Co., 157 F.3d 686, 690 (9th Cir. 1998).

13  The defendant in a removal action has the burden of proving all jurisdictional facts and establishing

14  that removal is proper.  See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); Abada v.

15  Charles Schwab & Co., 68 F. Supp. 2d 1160, 1162 (S.D. Cal. 1999).  Accordingly, the motion to

16  remand is denied because CNIC has met its burden in demonstrating that diversity existed at the time

17  the complaint was filed and removal was effected.

18          C.  Report and Recommendation

19          Pursuant to Local Rule IB 3-2, any objections to the Findings and Recommendations (#29) of

20  Magistrate Judge George W. Foley entered June 2, 2009 had to be filed within ten (10) days of the

21  entry of his order.  No party filed objections and the time for doing so has passed.  Therefore, the

22  parties have waived their right to appeal the Court's order and to appeal factual issues in the order of

23  the Court.  See Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United

24  Sch. Dist., 708 F.2d 454, 454 (9th Cir. 1983).  The Court has conducted a *de novo* review of the

25  record in this case in accordance with 28 U.S.C. § 636(b)(1) and LR IB 3-2.  The Court determines

26  that the Findings and Recommendations (#29) of the United States Magistrate Judge entered June 2,

5

1  2009, should be **ADOPTED** and **AFFIRMED, but only to the extent that they do not conflict**

2  **with this order.**

3      Given the egregious conflict in the representation of Wilson and Cromer in this action while

4  the parties are on opposing sides on appeal, the Court orders that the this action be dismissed without

5  prejudice pending a final judgment in the underlying action.  Wilson must file a new complaint when

6  the underlying action is resolved.

7  IV.  Conclusion

8      Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Partial Summary

9  Judgment (#10) is **GRANTED**;

10      IT IS FURTHER ORDERED that Plaintiff Cromer's claims are **DISMISSED** because

11  Plaintiff Cromer lacks standing;

12      IT IS FURTHER ORDERED that Plaintiffs' Motion for Remand (#5) is **DENIED**;

13      IT IS FURTHER ORDERED that the Magistrate Judge's Findings and Recommendations

14  (#29) entered June 2, 2009, are **ADOPTED** and **AFFIRMED**, **but only to the extent that they do**

15  **not conflict with this order**;

16      IT IS FURTHER ORDERED that the remaining claims are **DISMISSED without prejudice**.

17      DATED this 21st day of September 2009.

18

19

20                              _____
                                Kent J. Dawson
21                              United States District Judge

22

23

24

25

26

6